UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

HAMED GOUDARZI,

                              Plaintiff,                      22 Civ. 2808 (PAE)

                -v-

                                                                  ORDER

SEASONS A FLORAL DESIGN STUDIO, and LUIS
DANIEL MUNOZ,

                              Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       On December 8, 2022, the parties submitted a proposed settlement agreement ("Agreement"), Dkt. 26, in this Fair Labor Standards Act and New York Labor Law action. The Court has carefully reviewed the Agreement. For the reasons that follow, the Court is unable, at this stage, to approve the settlement and directs the parties to submit additional information.

       Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must ... separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzcha v. Cinema 60*, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

       The parties' submission does not enable the Court to make those assessments. The Court therefore declines to approve the Agreement for substantially the reasons set forth in *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832 (S.D.N.Y. Oct. 27, 2015). Specifically,

plaintiff's counsel has not provided the Court with (1) sufficient information about the bona fides of the dispute to enable the Court to determine whether the settlement amount is fair and reasonable, *see id.* at *2, (2) any information as to the portion of the settlement award that will be allocated to attorneys' fees, or (3) any documentation demonstrating the reasonableness of those requested attorneys' fees (including contemporaneous time records and information regarding the hourly rate for all attorneys and staff who worked on this case). *See, e.g.*, *Golan v. Deutsche Bank Sec. Inc.*, No. 15 Civ. 221 (PAE), 2015 WL 13322121, at *1–2 (S.D.N.Y. Dec. 29, 2015)

In light of this ruling, the parties may proceed in one of the three following ways:

1. The parties may file a revised agreement by January 17, 2023, that addresses the concerns expressed in this order.  The parties also shall file a joint letter that (1) describes the bona fides of the dispute and identifies and explains the amount that plaintiff could receive if he prevailed at trial, (2) states the portion of the settlement allocated to attorneys' fees, and (3) explains why the settlement amount and the portion of the settlement allocated to attorneys' fees are fair and reasonable. Plaintiff's counsel also shall submit contemporaneous time records, and information regarding the hourly rate for all attorneys and support staff who have worked on this case; or

2. The parties may file a joint letter by January 17, 2023, indicating their intention to abandon the settlement and to continue litigating this matter; or

3. The parties may stipulate to a dismissal of this case without prejudice, as such settlements do not require Court approval.  See *Cheeks*, 796 F.3d at 201 n. 2.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 9, 2022
       New York, New York