UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                 :
HAMED GOUDARZI,                                     :
                                                                  :       22 Civ. 2808 (PAE)(GWG)
                              Plaintiff,               :
                                                                  :                 ORDER
                       -v-                                         :
                                                                  :
SEASONS A FLORAL DESIGN STUDIO, and LUIS   :
DANIEL MUNOZ,                                    :
                                                                  :
                              Defendants.      :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

      On December 8, 2022, the parties submitted a proposed settlement agreement, Dkt. 26, in this Fair Labor Standards Act and New York Labor Law action. On December 9, 2022, the Court refused to approve the settlement and directed the parties to submit additional information by January 17, 2023. Dkt. 27. On January 16, 2023, the parties submitted a revised proposed settlement agreement, Dkt. 28 ("Agreement"), and a letter in support, in this Fair Labor Standards Act ("FLSA") and New York Labor Law action. Under the Agreement, defendants agree to pay $20,000 to plaintiff, and $10,000 in attorneys' fees to plaintiff's attorney, Alan Ripka & Associates, LLP. The Agreement therefore allocates one third of the settlement amount, net of costs, to plaintiff's counsel as attorneys' fees.

      The Agreement is legally satisfactory, and the Court would be prepared to approve the overall settlement sum of $30,000 as substantively reasonable and achieved through procedurally fair means under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). One feature of the Agreement, however, is deficient: It lacks the signatures of the defendants, although it includes spaces for these signatures. *See* Agreement at 6. The Court will not approve

the parties' settlement agreement without plaintiff's and defendants' signatures. *See, e.g.,* *Osorio v. PJ's Lawn Serv. Inc., et al.*, No. 21 Civ. 6413 (PAE) (JW), Dkt. 47 (declining to approve FLSA settlement that lacked signatures).

## CONCLUSION

For the foregoing reason, the Court declines to approve the Agreement at this time. The parties may proceed in one of the following three ways.

(1) The parties may file a revised agreement by January 25, 2023 that is consistent with the foregoing. Upon the filing of such an agreement, the Court is prepared to approve the settlement.

(2) The parties may file a joint letter by January 25, 2023 that indicates their intention to abandon settlement and to continue to litigate this matter. If they do so, the Court will set a next conference in this matter, which will serve as a pre-motion conference at which the Court will discuss and set a briefing schedule for any motions for summary judgment, or, if no such motions are to be filed, set a trial date.

(3) The parties may stipulate to a dismissal of this case without prejudice, as such settlements do not, based on the current case law, require court approval. *See* *Martinez v. Gulluoglu*, No. 15. Civ. 2727 (PAE), 2016 WL 206474, at *3 (S.D.N.Y. Jan 15, 2016) (citing Cheeks, 796 F. 3d at 201 n.2).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 18, 2023
New York, New York